■ CORPORATION OF LLOYD'S, Appellant, v PETER E. J. CAMERON-WEBB et al., Respondents. (And Related Title.)—

In item 3 of its document request, the plaintiff sought the production of certain transcripts of the examinations of the defendant Peter Edwin John Cameron-Webb conducted in New York on November 16, 17, 18, 21 and 22, 1983, by inspectors for the Department of Trade and Industry of Great Britain.

Initially, we note that absent any privilege, the transcripts are clearly discoverable since the material concerns activities and transactions of Cameron-Webb underlying this action (see, *Dodge v Richmond,* 7 AD2d 842).

On this appeal, the defendants have abandoned their claim made before the Supreme Court that the transcripts are exempt from disclosure pursuant to CPLR 3101 (b). Instead, the defendants now contend that the transcripts are exempt from disclosure under the common-law public interest privilege as espoused in *Cirale v 80 Pine St. Corp.* (35 NY2d 113, 117-119). However, the defendants have not shown that disclosure of the transcripts, which are in the possession of Cameron-Webb, would harm the public interest "if the material were to lose its cloak of confidentiality" *(Cirale v 80 Pine St. Corp., supra,* at 117; *see, Lamitie v Emerson Elec. Co.,* 142 AD2d 293, 298-299). While the Department of Trade and Industry of Great Britain has no objection to the disclosure of

the testimony given by Cameron-Webb, there is evidence in the record that the inspectors for the Department of Trade and Industry of Great Britain owe a duty of confidence to certain witnesses whose testimony was referred to during the inspectors' examinations of Cameron-Webb which the inspectors contend can be satisfied by making certain redactions in the transcripts. Accordingly, the plaintiff is directed to serve upon the Department of Trade and Industry of Great Britain a copy of this decision and order with notice of entry, by express mail, return receipt. The Department of Trade and Industry of Great Britain, if it be so advised, may move for leave to intervene in this action at the Supreme Court, Nassau County, to seek redaction of the transcripts to the extent they refer to the testimony of witnesses other than Cameron-Webb, within 45 days after service upon it of a copy of this decision and order, with notice of entry. In the event the Department of Trade and Industry of Great Britain does not move for leave to intervene, the defendants are directed to produce the requested transcripts within five days of the receipt of an affidavit of service of a copy of the decision and order, with notice of entry, upon the Department of Trade and Industry of Great Britain, and a copy of the return receipt, evidencing that the aforementioned 45-day period has expired. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.